[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 7, 1992 the defendant, Guardian Life Insurance Company of America filed a Motion for Reconsideration of a Motion for Summary Judgment dated September 28, 1992 which was denied by the court on December 1, 1992.
The court declines to change its decision of December 1, 1992. Although the defendant submitted an affidavit authenticating documents, the court finds that other reasons advanced by Lewis, J. in response to defendants' Motion for Summary Judgment dated December 3, 1991 asserting the same grounds as to Counts 1 and 2, still obtain.
In her affidavit the plaintiff avers that she did not mandate employee participation in the MET plan. A group insurance program in which participation is voluntary does not qualify as an "employee welfare benefit plan." CT Page 426229 C.F.R. 2510.3-1(j). The defendant provides no evidence to counter the plaintiff's averment. Therefore, the court finds that the documentation supplied by the defendant fails to establish the existence of a plan qualifying under ERISA.
The court also finds that the cases cited by the defendant in its Supplemental Memorandum of Law in support of Motion for Reconsideration dated March 12, 1993 are inapplicable to the instant case. The insurance contracts in McGlinchey v. Aetna Casualty Surety, 224 Conn. 133 and Hotkowski v. Aetna Life 
Casualty, 224 Conn. 145 do not provide the language which appears in the instant insurance contract, to wit:
"The time limits for giving notice and proof of loss, and for bringing legal action against this plan, may be less than those required by the laws of the state in which the employee lives. If so, we'll extend those limits to comply with the laws of that state."
The foregoing language clearly provides a different time limitation plan than that of McGlinchey and Hotkowski.
Connecticut General Statutes 52-576 provides in pertinent part: "(a) No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . .
"While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." Gaylord Hospital v. Massaro, 5 Conn. App. 465, 467, 499 A.2d 1162 (1985); see also Wynn v. Metropolitan Property Casualty Insurance Co.,30 Conn. App. 803, 808 A.2d (1993).
The court finds there is a genuine issue of material fact concerning the date the cause of action accrued. Accordingly, the defendant's motion for summary judgment is denied.
LEHENY, JUDGE