[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#102)
On May 5, 1995, the plaintiff, Beal Bank, S.S.B., filed a one-count complaint alleging breach of contract against the defendant, Nations Title Insurance. The plaintiff alleges that in March 1987, Homeowners Mortgage Company held a mortgage on the property of Roy M. Bobowick (Bobowick mortgage). This mortgage was insured by Title USA Corporation, who assigned the policy to the defendant. The insured mortgage was assigned by Homeowners Mortgage Company to City Trust, reassigned to City Federal Savings Bank[1] and then reassigned to the plaintiff.
The plaintiff alleges that the insurance policy indicates that the mortgage is a first mortgage, when, in fact, it was a second lien on the premises. Bank of Boston Connecticut foreclosed on the first mortgage on January 5, 1995. The plaintiff alleges that it informed the defendant of the claim against it on January 19, 1995, February 1, 1995 and February 6, 1995. On February 21, 1995, the plaintiff paid Bank of Boston $111,612.00 to redeem the mortgaged premises. The plaintiff alleges that the defendant refused to pay its claim, in breach of the insurance policy, which insured against damage sustained by the priority of any lien or encumbrance over the lien of the insured mortgage.
On October 26, 1995, the defendant moved for summary judgment (#108). Both parties filed the memorandum of law and supporting documentation.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 3867 moving party is entitled to judgment as a matter of law.' Practice Book § 384. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court in support of a motion for summary judgment. . . . Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Practice Book § 381." (Citations omitted; internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202-03, 663 A.2d 1001 (1995). The defendant moves for summary judgment on three grounds.
1. Actual Knowledge
First, the defendant argues that the plaintiff had actual knowledge of the first mortgage and therefore the plaintiff "suffered, assumed or agreed to" the prior encumbrance. Thus, the defendant argues that it is entitled to judgment as a matter of law because the insurance policy excludes from coverage prior encumbrances to which the insured suffered, assumed or agreed. The plaintiff argues that whether it had actual knowledge of the first mortgage is an issue of material fact and therefore the defendant is not entitled to summary judgment.
In support of its motion, the defendant submitted documents demonstrating that Homeowners Mortgage Co., the original mortgagor, knew that there was a prior mortgage on the property. The defendant implies that these documents prove that the plaintiff had actual knowledge of the prior lien. Clearly, knowledge of the original insured cannot be imputed to the assignee of the insurable interest, especially where, as here, the assignee is the fourth holder of the mortgage.
The defendant also submitted documents indicating that the plaintiff purchased a pool of second mortgages, which included the Bobowick mortgage. The defendant argues that because the plaintiff contracted for and purchased second mortgages, it had actual knowledge of the prior lien on the Bobowick premises. CT Page 3868 The plaintiff contends that it believed the mortgage at issue to be a first mortgage contained in the pool of second mortgages. In support of this contention, the plaintiff submitted a copy of the insurance policy for the Bobowick mortgage, which does not exclude from coverage any loss caused by the prior mortgage. The plaintiff contends that the absence of such an exclusionary clause caused it to believe that there was no prior mortgage.
The party moving for summary judgment has the burden of "showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to a judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v.Rashaw, 193 Conn. 442, 443, 476 A.2d 582 (1984).
The defendant has not satisfied its burden because the truth about the plaintiff's actual knowledge remains unclear.[2]
Moreover, the plaintiff's actual knowledge is a question of material fact to be decided by the trier. See Weintraub v.Richard Dahn, Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982). "In passing on a motion for summary judgment, the trial court [is] limited to deciding whether an issue of fact exist[s], but it [can] not try that issue if it does exist." Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). Accordingly, because the plaintiff's actual knowledge is an issue of material fact, the motion for summary judgment on this ground is denied.
2. Untimely Notice
The defendant also argues that the plaintiff failed to give it timely notice of the alleged loss. The insurance policy requires that notice of loss or damage be given to the defendant within 90 days after the loss or damage is determined. The defendant contends that the plaintiff's loss was determined in September 1992 when it acknowledged that there was a first mortgage on the premises. The defendant argues that the plaintiff should have notified it within 90 days of this discovery. It argues further that since it did not receive notice until January 1995, the plaintiff's notice was untimely and therefore the defendant's liability to furnish coverage is terminated.
The defendant's argument rests on the presumption that the CT Page 3869 plaintiff's loss was the discovery of the first mortgage. The plaintiff's cause of action, however, is for a loss that it did not incur until the holder of the first mortgage foreclosed on the property. Hence, the discovery of the prior lien was not sufficient to trigger the notice requirement of the insurance policy. Accordingly, the defendant's argument that the plaintiff did not provide timely notice is without merit.
3. Statute of Limitations
Finally, the defendant argues that the statute of limitations has expired on the plaintiff's claim. This argument is also without merit.
Pursuant to General Statutes § 52-576, the statute of limitations for a breach of contract action is six years. "While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. . . . In an action for a breach of contract, the cause of action is complete upon the occurrence of the breach, that is when the injury has been inflicted." Gaylord Hospital v. Massaro, 5 Conn. App. 465, 467,499 A.2d 1162 (1985).
The plaintiff alleges that the defendant breached a contract when it refused to reimburse the plaintiff for the cost of purchasing the original mortgage. The earliest possible date that the breach could have occurred is January 19, 1995, when the plaintiff first advised the defendant of the adverse claim. The plaintiff filed this complaint on May 5, 1995. Therefore, the six year statute of limitations had not run on the plaintiff's claim.
In summary, the court concludes that a genuine issue of material fact exists regarding the plaintiff's actual knowledge and that the defendant's arguments concerning the timeliness of notice and the statute of limitations are without merit. Accordingly, the defendant's motion for summary judgment is denied.
THE COURT
MAIOCCO, J. CT Page 3870