[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #157 MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action by way of a Revised Complaint brought in six counts. The first count sounds in legal malpractice. The second count sounds in breach of contract. The third count sounds in unjust enrichment. The fourth count sounds in "an intentional and wanton violation of the plaintiffs rights." The fifth count sounds in intentional infliction of emotional distress. The sixth count sounds negligent infliction of emotional distress.
The plaintiff alleges in his complaint that during the fall of 1995, he hired Attorney John Kelly for the express purpose of filing a petition for a new trial with respect to a previous trial wherein the plaintiff was convicted of the offense of murder and sentenced to a period of thirty five (35) years. The plaintiff asserts that upon accepting a retainer the defendant affirmatively represented and promised plaintiff that he would check with the Superior Court to ascertain the exact date that the plaintiff was sentenced in order to determine when the statute of limitation would lapse for the filing the aforementioned petition. The plaintiff asserts that his sentencing date was March 25, 1993, and therefore the defendant was to file the petition for a new trial before March 25, 1996. However the defendant filed the aforementioned petition after said date.
Upon the late filing of the petition for a new trial, the state of Connecticut filed a motion to dismiss the matter for reason that the statue of limitations had lapsed.
Subsequent to the filing of the motion to dismiss, the defendant without the plaintiffs knowledge or consent withdrew the petition for a new trial and filed a petition for habeas corpus.
The plaintiff was unsuccessful in obtaining the relief that the defendant sought in the habeas action. Plaintiff asserts that this result CT Page 12940 was due in part to a higher burden of proof to prevail in the habeas action then it would have been in a trial.
On December 21, 2001, the defendant filed a Motion for Summary Judgment. Said motion provides that:
 1) Plaintiffs legal malpractice claim is barred by the doctrine of collateral estoppel; and
2) Each of the Plaintiffs claims are time-barred; and
3) Plaintiffs claims are legally insufficient.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Before addressing the merits of the defendant's motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700 (1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351
(2001).
A "material fact" is a fact that will make a difference in the result CT Page 12941 of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H.H.R. Co., 160 Conn. 482, 489, 280 A.2d 359 (1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
The parties are in agreement on the following pertinent facts:
1) The plaintiff was convicted on March 26, 1993;
 2) The defendant did not file the petition for a new trial until April 1, 1996;
3) The defendant filed a petition for habeas corpus on June 25, 1996;
4) The habeas corpus petition was dismissed in December 1998.
The defendant asserts that each of the plaintiffs claims is timed barred. The plaintiffs complaint consists of two types of causes of action, one a tort (legal malpractice) and the other breach of contract.
 As to the First Count (legal malpractice)
Section 52-577 C.G.S. concerns the time limitation for actions sounding in tort. This statute provides that:
 No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.
The Sheriffs Return in this matter indicates that the defendant was served as of February 14, 2000.
 In this jurisdiction, a law suit is commenced when a proper officer serves a writ of summons and complaint on the defendant. See Lacasse v. Burns, 214 Conn. 464, 475, 572 A.2d 357 (1990).
 Alfeter v. Naugatuck, 53 Conn. App. 791, 803 (1999).
The lawsuit in this matter commenced on February 14, 2000. The CT Page 12942 plaintiff asserts that the defendant committed legal malpractice when he did not file the petition for a new trial on or before March 26, 1996.
 The true test for determining the appropriate date when a statute of limitations begins to run is to "establish the time when the plaintiff first could have successfully maintained an action. That is, an action cannot be maintained until a right of action is complete and hence, the statute of limitations cannot run before that time." Gaylord Hospital v. Massaro, 5 Conn. App. 465, 467, 499 A.2d 1162 (1986) . . . "In an action for breach of contract, the cause of action is complete upon the occurrence of the breach, that is, when the injury has been inflicted." Gaylord Hospital v. Massaro, supra, 467. (internal citations omitted)
 Garofalo v. Squillante, 60 Conn. App. 687, 694 (2000).
Applying the provisions of § 52-577 C.G.S., the plaintiff had until March 26, 1999 to commence this action. Whereas it was not commenced until February 14, 2000, the statute of limitations had lapsed for the commencement of any action concerning legal malpractice for the failure to file the petition on March 26, 1996.
 As to the Second Count (breach of contract)
The second count of the revised complaint incorporates paragraphs one through twenty-three of the first count of said complaint. These paragraphs provide in pertinent part that:
 3. During the fall of 1995, plaintiff retained and employed the services of the defendant for the express purpose of filing a petition for a new trial with respect to a criminal trial at which plaintiff was convicted wrongfully of murder and thereafter, plaintiff was sentenced to a term of thirty-five [35] years.
 4. Upon accepting the plaintiffs retainer and thereby accepting representation of the plaintiff for express purpose of filing a Petition for a New Trial, defendant affirmatively represented and promised plaintiff that he would check with the pertinent court clerk's office in order to ascertain the exact date of plaintiffs sentencing as said date was significant because of the applicable Statute of Limitations.
5. The defendant accepted the plaintiffs retainer and employment thereby assuring plaintiff that he would file a Petition for a New Trial within the applicable Statute of Limitations . . . CT Page 12943
 9. Pursuant to said Statute of Limitations, the defendant should have filed a Petition for a New Trial no later than March 25, 1996.
 10. The defendant filed a Petition for a New Trial on behalf of the plaintiff after March 26, 1996 . . .
Simply put, the plaintiff in this matter alleges that for adequate consideration, he specifically contracted with the defendant to provide him with the legal service of timely filing an application for a new trial. He further alleges that the defendant did not live up to its contractual obligations for reason that he filed the application after the limitation period for the filing of such application had run.
This court finds that the plaintiff alleges a sufficient cause of action sounding in breach of contract. This court additionally finds that there are genuine issues of material fact as to what the plaintiff had contracted for.
As to the issue raised by the defendant that in order for the plaintiff to have a viable breach of contract action against him there must be an allegation that the standard of care was violated, thereby breaching the employment contract.
 "[T]he interpretation of pleadings is always a question [of law] for the court. . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient. . . ."
 Witczak v. Gerald, 69 Conn. App. 106, 108 (2002).
Construing the complaint broadly and realistically, this court comes to the conclusion that the plaintiffs complaint sufficiently alleges a violation of the standard of care by alleging that the defendant did not file the application until after the time period to do so had already expired.[1]
 As to the Third Count (unjust enrichment)
CT Page 12944
The defendant asserts that if there is a contract in this matter, the contract is "the exclusive source of the rights of the parties' and no action for unjust enrichment lies." (See Memorandum in Support of Defendant's Motion for Summary Judgment at page 10.)
In the case at bar there are genuine issues of material fact as to contractual arrangements between the parties. There is no evidence before this court as to what are the rights of the parties under the alleged agreement.
Whereas there are genuine issues of material fact in existence as to this count the Motion for Summary Judgment denied.
 As to the Fourth Count (Reckless indifference to the rights of the plaintiff and/or an intentional and wanton violation of the plaintiffs rights)
Viewing this count in favor of its legal sufficiency it sounds in the nature of an intentional tort.[2] Section 52-577 C.G.S. concerns the time limitation for actions sounding in tort. This statute provides that:
 No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.
The Sheriffs Return in this matter indicates that the defendant was served as of
February 14, 2000. The plaintiff asserts that his cause of action in this matter arose when the defendant did not file the petition for a new trial on or before March 26, 1996.
The March 26, 1996 date is well outside of the three-year period for the filing of an action sounding in tort. Furthermore the plaintiff does not allege or assert anything concerning a tolling of the Statute of Limitations.
 As to the Fifth Count (Intentional Infliction of Emotional Distress)
Section 52-577 C.G.S. concerns the time limitation for actions sounding in tort. This statute provides that:
No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of. CT Page 12945
The Sheriffs Return in this matter indicates that the defendant was served as of February 14, 2000. The plaintiff asserts that his cause of action in this matter arose when the defendant did not file the petition for a new trial on or before March 26, 1996.
The March 26, 1996 date is well outside of the three-year period for the filing of an action sounding in tort. Furthermore the plaintiff does not allege or assert anything concerning a tolling of the Statute of Limitations.
Whereas the Statute of Limitations has run for a cause of action sounding in intentional infliction of emotional distress, and there are no genuine issues of material fact, the defendant is entitled to summary judgment as to this count.
 As to the Sixth Count (Negligent Infliction of Emotional Distress)
Section 52-584 of the Connecticut General Statutes concerns the limitation of action for injury to person or property. This statute provides that:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
As was previously stated, the plaintiff asserts that his cause of action in this matter arose on March 26, 1996 and the defendant was served on February 14, 2000. The March 26, 1996 date is well in excess of the two-year period for the filing of an action sounding in negligent conduct. Furthermore the plaintiff does not allege or assert anything concerning a tolling of the Statute of Limitations.
In conclusion, the Motion for Summary Judgment is granted as to the First, Fourth, Fifth and Sixth Counts, and is denied as to the Second and Third Counts.
___________________ CT Page 12946 Richard A. Robinson, J October 9, 2002