NORBERTO COELHO ET AL. *v.* ITT HARTFORD
(SC 16140)

Borden, Norcott, Katz, Palmer and Peters, Js.

Argued September 23—officially released November 2, 1999

*Andrew J. O'Keefe*, with whom were *Peter K. O'Keefe* and, on the brief, *Joseph M. Busher, Jr.*, for the appellant (defendant).

*Michael A. Stratton*, for the appellees (plaintiffs).

*Opinion*

KATZ, J. This case requires us to determine when the statute of limitations under General Statutes § 52-576[1] begins to run on a claim for underinsured motorist benefits. We conclude that the statute of limitations does not begin to run until the claimant has exhausted the limits of liability under the tortfeasor's policy, and that, in the absence of a contrary provision in the claimant's motor vehicle policy, an action for underinsured benefits can be brought at any time prior to the expiration of the time limitation of that statute. Accordingly, we affirm the judgment of the trial court.

The record reveals the following pertinent facts. On June 14, 1990, the plaintiffs, Norberto Coelho and Anthony Gomes, while pedestrians, were injured as the result of a three vehicle accident that occurred on I-95 near Fairfield. The plaintiffs were insured by the defendant, ITT Hartford, pursuant to a policy issued to the plaintiffs' employer that included an underinsured motorist provision by which the defendant agreed to pay "all sums" to which the plaintiffs legally were entitled. The contract required a claimant to submit an application for arbitration whenever the applicability of the underinsured motorist provision or the amount of any award pursuant thereto was in dispute. Neither the underinsured motorist provision nor the policy as a whole adopted a specific time limitation for submitting an arbitration demand.

---

[1] General Statutes § 52-576 provides in relevant part: "Actions for account or on simple or implied contracts. (a) No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

Following the accident, the plaintiffs brought an action against the tortfeasor. In April, 1993, they settled their claims for $40,000 each, thereby exhausting the limits of liability under the tortfeasor's policy. On January 23, 1997, the plaintiffs submitted this application for an order to proceed with arbitration in compliance with the underinsured motorist provision of their contract.[2] On September 12, 1997, they submitted a motion to compel the selection of a neutral arbitrator. On September 29, 1997, the defendant filed an objection to the plaintiffs' motion, asserting that court intervention with respect to the scheduling of arbitration was not warranted. On December 15, 1997, the court granted the plaintiffs' motion and ordered the parties to proceed to arbitration.

On February 10, 1998, the defendant filed an objection to the plaintiffs' application to proceed with arbitration, claiming that the six year limitations period under § 52-576 (a) had expired, thereby barring the plaintiffs' recovery.[3] The defendant argued that a cause of action for underinsured motorist benefits accrues on the date of the accident and thus, the statute of limitations began to run on June 14, 1990. On that theory, the plaintiffs' application, having been submitted more than six years and seven months thereafter, was therefore time barred.

---

[2] The plaintiffs filed an original request for arbitration on December 8, 1993, which they voluntarily withdrew on March 17, 1995. For purposes of this appeal, therefore, the relevant application is the one filed on January 23, 1997. In response to that application, the defendant filed an appearance on February 13, 1997.

[3] The defendant also claimed that the effect of the statute of limitations on the plaintiffs' demand for arbitration was a threshold issue for the court to decide and, therefore, should not be submitted to the arbitration panel. The plaintiffs agreed with that assertion, but argued that the defendant's objection was untimely in light of the court order to proceed with arbitration dated December 15, 1997. The trial court ruled that the statute of limitations issue was properly before it, and proceeded to adjudicate the merits of the claim. The arbitrability of the statute of limitations issue is not raised on appeal.

On April 29, 1998, the trial court rejected the defendant's assertion, holding that a cause of action for underinsured motorist benefits did not accrue until the tortfeasor's insurance policy had been exhausted. According to the trial court, the statute of limitations, therefore, began to run when the plaintiffs settled with the tortfeasor in April, 1993, and would not expire until April, 1999. Accordingly, the court overruled the defendant's objection and rendered judgment for the plaintiffs ordering the parties to proceed with arbitration. The defendant appealed to the Appellate Court and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c). We affirm the trial court's judgment.

The parties agree that the applicable statute of limitations is § 52-576. The issue in this case is whether, pursuant to that statute, the limitations period begins to run on a claim for underinsured benefits as of the date of the accident, or instead, as of the date on which liability limits are exhausted under a tortfeasor's policy.

The defendant's argument can be distilled as follows: Because the plaintiffs' claim could have been initiated immediately after the June 14, 1990 accident, the pertinent statute of limitations, § 52-576 (a), began to run as of that date. As a consequence, the defendant maintains that the plaintiffs' application on January 23, 1997, was time barred. Essentially, the defendant posits that a cause of action for underinsured benefits accrues from the date that an action may be brought. Based on that principle, the defendant maintains that because this court held in *Hotkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 149–50, 617 A.2d 451 (1992), and *McGlinchey* v. *Aetna Casualty & Surety Co.*, 224 Conn. 133, 139, 617 A.2d 445 (1992), that a claim for underinsured benefits can be initiated at any time prior to the liquidation of tortfeasor liability, the statute of limitations runs from the date of the accident. To hold that a cause of

action does not accrue until exhaustion, the defendant argues, would lead to the illogical conclusion that a plaintiff could pursue a claim that has yet to accrue. The defendant further submits that if the statute of limitations under § 52-576 (a) is construed to run from the date of exhaustion of the tortfeasor's liability, an insurer could be called to defend against a claim well beyond six years from the date of the accident. That construction, the defendant argues, promotes the assertion of stale claims in contravention of the public policy expressed in Public Acts 1993, No. 93-77 (P.A. 93-77).

The plaintiffs contend that the linchpin of accrual is not when a claim can be initiated, but, rather, when a claim can be enforced. Accordingly, because an award of underinsured benefits cannot be enforced until the limits of liability under a tortfeasor's policy have been exhausted, a cause of action on such a claim does not accrue until that policy has been exhausted. It follows, the plaintiffs conclude, that the statute of limitations under § 52-576 (a), as applied to a claim for underinsured benefits, begins to run on the date of exhaustion of the tortfeasor's policy limits.

The dispute between the parties raises an issue of statutory construction. "Statutory construction . . . presents a question of law over which our review is plenary. . . . According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) *Smith* v. *Smith*, 249 Conn. 265, 272–73, 752 A.2d 1023 (1999).

Section 52-576 (a) provides in relevant part that, "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ." "Applied to a cause of action, the term to accrue means to arrive; to commence; to come into existence; to become a present enforceable demand." (Internal quotation marks omitted.) *D'Occhio* v. *Connecticut Real Estate Commission*, 189 Conn. 162, 182, 455 A.2d 833 (1983). "While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." (Internal quotation marks omitted.) *Engelman* v. *Connecticut General Life Ins. Co.*, 240 Conn. 287, 294 n.7, 690 A.2d 882 (1997).

Reading § 52-576 in conjunction with other pertinent legislation, it becomes clear that an action for underinsured motorist benefits does not accrue until the limits of liability under the tortfeasor's policy have been exhausted. In *Continental Ins. Co.* v. *Cebe-Habersky*, 214 Conn. 209, 571 A.2d 104 (1990), we examined General Statutes (Rev. to 1989) § 38-175c (b) (1) in order to determine when a claim for underinsured motorist benefits successfully could be maintained. That statute, now recodified as General Statutes § 38a-336 (b),[4] obligates an insurance company to pay on a policy's underinsured motorist benefits provision only "after the limits

---

[4] General Statutes § 38a-336 (b) provides in relevant part: "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage. . . ."

of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements . . . ." According to the court, the statute requires that the insured first liquidate a claim against a tortfeasor "before recovering underinsured motorist compensation." *Continental Ins. Co.* v. *Cebe-Habersky,* supra, 212–13; see also *Hotkowski* v. *Aetna Life & Casualty Co.,* supra, 224 Conn. 149; *McGlinchey* v. *Aetna Casualty & Surety Co.,* supra, 224 Conn. 139.

The holding in *Continental Ins. Co.* v. *Cebe-Habersky,* supra, 214 Conn. 212–13, established that the "exhaustion of the liability limits of the tortfeasor's policy is a necessary precondition to the recovery of underinsured motorist benefits . . . ." *Serrano* v. *Aetna Ins. Co.,* 233 Conn. 437, 452, 664 A.2d 279 (1995). That interpretation of § 38a-336 (b) confirms that a cause of action for underinsured benefits provides a remedy, not for an injury sustained as the result of a motor vehicle accident, but, rather, for the denial of coverage under a tortfeasor's insurance policy. See J. Berk & M. Jainchill, Connecticut Law of Uninsured and Underinsured Motorist Coverage (2d Ed. 1999) § 3.13. Accordingly, because the statute of limitations under § 52-576 is based on the accrual of a cause of action for underinsured motorist benefits, and accrual is dependent upon enforcement, the time for commencing such an action begins to run on the date of exhaustion of the tortfeasor's liability limits.

The defendant relies on this court's decisions in *Hotkowski* and *McGlinchey* for the proposition that a cause of action for underinsured benefits accrues prior to exhaustion such that the statute of limitations under § 52-576 begins to run on the date of the accident. The defendant is correct insofar as the court acknowledged in both cases that a claim for underinsured motorist benefits can be initiated in advance of exhaustion. That

proposition, however, while firmly established; see *Stevens* v. *Aetna Life & Casualty Co.*, 233 Conn. 460, 470 n.14, 659 A.2d 707 (1995); *Serrano* v. *Aetna Ins. Co.*, supra, 233 Conn. 455; does not dictate when a cause of action for underinsured benefits accrues.

Specifically, neither case addressed the concept of accrual under § 52-576. Rather, the narrow issue before the court in both cases involved the enforceability of a contract provision that, in effect, barred recovery before the claimant had the opportunity to exhaust tortfeasor liability. The insurance policies in question expressly required that a claim for underinsured benefits be initiated within two years of the date of the accident. See *Hotkowski* v. *Aetna Life & Casualty Co.*, supra, 224 Conn. 147; *McGlinchey* v. *Aetna Casualty & Surety Co.*, supra, 224 Conn. 137. The plaintiffs contested the enforceability of such a provision, arguing that the exhaustion requirement of § 38a-336 (b), as interpreted in *Continental Ins. Co.* v. *Cebe-Habersky*, supra, 214 Conn. 212–13, mandated that the contractual limitations period, although drafted to run from the date of the accident, be tolled until they had the opportunity to liquidate a claim against the tortfeasor. Implicit in that assertion was the plaintiffs' assumption that a claim for underinsured benefits could be initiated only subsequent to exhaustion.

This court, in both *McGlinchey* and *Hotkowski*, held that the parties were free to adopt an unambiguous contract provision governing the award of benefits and that the plaintiffs' failure to comply with the terms therein barred recovery. *McGlinchey* v. *Aetna Casualty & Surety Co.*, supra, 224 Conn. 139; see *Hotkowski* v. *Aetna Life & Casualty Co.*, supra, 224 Conn. 149–50. In so holding, the court tacitly recognized that the concept of accrual under a particular statute differs from the right to initiate recovery proceedings under a partic-

ular policy provision. Although § 38-175c, the statutory precursor to § 38a-336 (b), prevented the plaintiffs from recovering benefits prior to exhaustion, nothing prevented the plaintiffs from initiating recovery proceedings within the contractually prescribed period. In effect, by endorsing a two year time limitation that ran from the date of the accident, the plaintiffs had agreed to initiate recovery proceedings within that period, subject to a stay of enforcement until tortfeasor liability could be exhausted. By the same token, the insurers essentially committed to defend against a claim that had yet to accrue. The court's approval of those conditions is not, as the defendant here argues, tantamount to a determination that a claim for underinsured benefits accrues prior to the exhaustion of tortfeasor liability.

The defendant in the present case further argues that § 2 (e) of P.A. 93-77, now codified at § 38a-336 (g),[5] requires that an insurer toll "any" applicable limitations period upon an insured's compliance with certain statutory prerequisites, but that in this case, those statutory

[5] General Statutes § 38a-336 (g) (1) provides: "No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim may be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (A) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (B) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals."

While we recognize that § 38a-336 (g) was amended in 1998 by, inter alia, the addition of language that is now codified in subdivision (2); see Public Acts 1998, No. 98-189; the language in § 38a-336 (g) (1) remained virtually unchanged. In the interest of clarity, references herein are to the current revision.

prerequisites were not satisfied.[6] In addition, the defendant maintains that if the statute of limitations under § 52-576 (a) is construed to run from the date of exhaustion, an insured will be permitted to assert a claim for the first time more than six years after a motor vehicle accident has occurred and long after the insurance carrier has lost the opportunity to prepare an adequate defense. According to the defendant, P.A. 93-77 addresses this concern by evidencing a general legislative understanding that a cause of action accrues on the date of the accident.

"Public Act 93-77 was enacted in response to our decisions . . . in *McGlinchey* v. *Aetna Casualty & Surety Co.* [supra, 224 Conn. 139] and *Hotkowski* v. *Aetna Life & Casualty Co.* [supra, 224 Conn. 149–50] wherein we concluded that an insurer was entitled to enforce an unambiguous policy provision requiring an insured to file an action for underinsured motorist benefits within two years from the date of the accident." *Serrano* v. *Aetna Ins. Co.*, supra, 233 Conn. 443 n.7. Section 2 (e) of P.A. 93-77 permits an insurance carrier, upon compliance with certain tolling provisions, to limit the period for filing a claim to "less than three years from the date of accident . . . ." Under that section, tolling is required whenever the claimant, prior to the expiration of the applicable time period, gives written notice to the insurer of a pending claim and commences suit within 180 days of exhaustion.

As an initial matter, the defendant's reading of P.A. 93-77 ignores a relevant portion of its text. The act's tolling provisions expressly apply to those contracts that limit the time for commencing a recovery proceeding "to a period of less than three years from the date

---

[6] Although at oral argument before this court the defendant seemed to retreat from its position regarding the applicability of P.A. 93-77 to the plaintiffs' claim, in the absence of an explicit retraction, we address the argument we understand to be articulated in the defendant's brief.

of accident . . . ." P.A. 93-77, § 2 (e). The act goes on to enumerate the circumstances under which the applicable limitations period will be tolled. The phrase "any applicable limitation period," as used in the act therefore, refers to those express contractual provisions that limit the commencement of recovery proceedings "to a period of less than three years from the date of accident . . . ." P.A. 93-77, § 2 (e). The act does not contemplate tolling of "any" limitations period that might otherwise be applicable. As a result, the act does not govern the plaintiffs' claim, and thus, their failure to comply with the statutory prerequisites required for tolling is of no consequence.

Additionally, our conclusion that the tolling provisions of P.A. 93-77 apply only when a contract incorporates a three year limitations period that expressly runs from the date of the accident defeats the defendant's claim that, as a general matter, the legislature assumed that a cause of action for underinsured benefits accrues on the date of the accident. The essence of the defendant's argument is that it serves no purpose, pursuant to P.A. 93-77, to toll the six year limitations period under § 52-576 (a) for up to 180 days from exhaustion of the tortfeasor's liability if a cause of action accrues on the date of exhaustion. As stated previously, the tolling provisions of P.A. 93-77 are triggered only when a contract limits the period for initiating a claim to within three years of the date of the accident. The functional significance of the act, therefore, is to extend the time for commencing a claim that would otherwise have expired pursuant to a contractual limitations period.

While P.A. 93-77 does not imply that a cause of action runs from the date of the accident, it does address the defendant's concern that, given the indefiniteness that often flows from having to exhaust tortfeasor liability, our interpretation of § 52-576 undermines the purposes of the statute of limitations by subjecting an insurer to

stale claims. See *Barrett* v. *Danbury Hospital*, 232 Conn. 242, 264, 654 A.2d 748 (1995) (statute of limitations promotes security and stability by disallowing assertion of stale claims). In short, P.A. 93-77 provides a vehicle for contracting out of the six year statutory limitations period by authorizing an insurer to demand written notice of an impending claim within a period that the insurer itself establishes. In addition, the act limits the viability of an impending claim to 180 days after exhaustion. In this respect, P.A. 93-77 provides security to an insured who subscribes to a constricted limitations period, without prejudicing an insurer's ability to respond to a dated claim. It is the insurer's prerogative, therefore, to guard against the assertion of stale claims that could potentially arise as a consequence of our reading of § 52-576.

We conclude that the statute of limitations under § 52-576 (a) does not begin to run on a claim for underinsured benefits until the tortfeasor's liability limits have been exhausted. Accordingly, the plaintiffs' application for arbitration dated January 23, 1997, was submitted timely.

The judgment is affirmed.

In this opinion the other justices concurred.