[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Donald Mitchell, an attorney, brought this action against defendant, Guardian Systems, Inc., a former client, to recover fees for services he allegedly rendered representing the defendant in litigation between 1987 and 1991. The defendant filed an answer and special defenses in which it asserts that the action is barred by the statute of limitations and the plaintiff breached the contract by not properly representing the defendant's interests. The case was referred to the court's fact-finding program pursuant to General Statutes §52-549n.
A hearing before the fact finder took place on March 24, 2000, at which time exhibits and testimony were introduced. On September 21, 2000, the fact finder filed her report containing the following pertinent findings: (1) the plaintiff was the defendant's attorney of record in the litigation matter until July 29, 1991, when his motion to withdraw as counsel for the defendant was granted by the court; (2) the statute of limitations does not begin to run until the completion of services; (3) the statutory period began to run on July 30, 1991, when the plaintiff was relieved of his obligation to represent the defendant; (4) the plaintiff's action was commenced on July 28, 1997; and (5) the defendant presented no evidence to support its second defense of the plaintiff's failure to perform or that there was a rate change in the plaintiff's fee. Based on these findings, the fact finder concluded that the plaintiff's action is not barred by the statute of limitations and recommended that judgment enter for the plaintiff for $23,998.20. The fact finder also recommended that the defendant have an opportunity to respond to the plaintiff's request for prejudgment interest. CT Page 14577
On October 5, 2000, the plaintiff filed a motion to correct the report of the fact finder pursuant to Practice Book § 19-12.[1] On the same day, the defendant filed an objection to the report of the fact finder, pursuant to Practice Book § 23-57, claiming that the fact finder's conclusions of fact were not properly reached on the basis of the subordinate facts found and the fact finder erred in applying the relevant law to the facts. Specifically, the defendant argues that the fact finder erroneously determined that the plaintiff's claim is not barred by the statute of limitations and she erred in not allowing the defendant to introduce evidence in support of its second special defense. Neither party sought oral argument.
 DISCUSSION
When reviewing a report of a fact finder, the court may take the following actions: "(1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the judicial authority may deem appropriate." Practice Book § 23-58(a).
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court. . . the Appellate Court. . . or the Superior Court reviewing the findings of. . . attorney trial referees. . . . This court has articulated that attorney trial referees and [fact finders] share the same function. . .whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) Killion v. Davis, 59 Conn. App. 358, 361, ___ A.2d ___ (2000). "The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it. . .or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Meadows v. Higgins, 249 Conn. 155, 162,733 A.2d 172 (1999). CT Page 14578
 A Statute of Limitations
The defendant objects to the report of the fact finder on the ground that the fact finder erroneously determined that the plaintiff's claim is not barred by the statute of limitations. Specifically, the defendant argues that the fact finder erred in determining that General Statutes § 52-576, rather than § 52-581, is the applicable statute of limitations in this case.
"In attempting to reconcile. . .[§ 52-576 and § 52-581] to create one harmonious body of law a construction has been adopted restricting § 52-581 to executory contracts only. . . . The statute of limitations governing a contract which a party has fully performed is § 52-576. . . ." (Citations omitted; internal quotation marks omitted.) Cacace v. Morcaldi, 37 Conn. Sup. 735, 741, 435 A.2d 1035
(App. Sess. 1981); see also Cupina v. Bernklau, 17 Conn. App. 159, 163,551 A.2d 37 (1988). In the present case, there is no dispute that the plaintiff provided legal services to the defendant and all that remained on the contract was for the defendant to pay the plaintiff for the services he rendered. "Since the plaintiff's performance was. . . completely executed, § 52-576 established the applicable limitation period." Tierney v. American Urban Corporation, 170 Conn. 243, 249,365 A.2d 1153 (1976). Therefore, the fact finder correctly determined that General Statutes § 52-576, rather than § 52-581, is the applicable statute of limitations in this case.
The defendant also argues that the fact finder improperly concluded that the statute of limitations was tolled until July 29, 1991, when the plaintiff's motion to withdraw as counsel for the defendant was granted by the court. General Statutes § 52-576(a) provides, in pertinent part, that "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . ." "In an action for breach of contract, the cause of action is complete upon the occurrence of the breach, that is, when the injury has been inflicted." (Internal quotation marks omitted.) McNeil v. Riccio, 45 Conn. App. 466, 473, 696 A.2d 1050
(1997). "While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." (Internal quotation marks omitted.) Coelho v. ITT Hartford, 251 Conn. 106, 111, 752 A.2d 1063
(1999). CT Page 14579
"In applying the statute of limitations in contract actions, a distinction has been made between a contract obligation . . . providing for a continuing, indivisible responsibility for the attainment of an end result, and a contract for the performing of a specific, definable act."Gaylord Hospital v. Massaro, 5 Conn. App. 465, 468, 499 A.2d 1162
(1985). "Where services are continuously rendered over an extended period of time under an express or implied contract which does not fix the term of employment nor the time when compensation shall be payable, many courts have regarded the contract as an entire one. . . so that the statute of limitations will not begin to run against the claim for compensation until the employment is ended." (Internal quotation marks omitted.) Id., 467-68. "When [a] claim for attorneys' fees is based upon continuous legal representation, the statute of limitations does not begin to run until the legal services are complete. . . . The statute of limitations is tolled during the pendency of the continuous representation." Doe v. State, 216 Conn. 85, 91, 579 A.2d 37 (1990).
In the present case, the fact finder found that the plaintiff had a continuing obligation to represent the defendant in the underlying case because the plaintiff was the attorney of record and a motion to set aside the jury verdict was still pending.[2] Accordingly, the fact finder found that the statute of limitations was tolled until the plaintiff's services were completed on July 29, 1991, when his motion to withdraw as counsel for the defendant was granted by the court. The fact finder concluded that because the statute of limitations began to run on July 30, 1991 and the present action was commenced on July 28, 1997, the plaintiff's action was not barred by the statute of limitations. The court holds that these findings and conclusions are supported by the record and the transcript of the March 24, 2000 hearing.
 B Second Special Defense
In its objection, the defendant contends that the fact finder improperly excluded evidence in connection with its special defense that the plaintiff, Attorney Mitchell, did not properly represent the defendant in the litigation. First, this is not an appropriate special defense. See Stein v. Nordling, DV96 0151325, judicial district of Stamford/Norwalk at Stamford (November 5, 1996, Tobin, J.). Second, the evidence sought to be introduced appear to be in the nature of attempting to establish attorney incompetence or malpractice. (Transcript March 24, 2000, pp. 41, 45.) Such evidence or proof requires expert testimony. See, e.g., Monterose v. Cross, 60 Conn. App. 655, 658 (2000). No such proof was offered, and the fact finder properly excluded other proof. CT Page 14580
In reviewing a report of a fact finder, the court's proper task is to decide whether the fact finder's conclusions "follow legally and logically from the underlying facts in accordance with its obligation to consider whether the conclusions reached were in accordance with the applicable law." (Internal quotation marks omitted.) Meadows v. Higgins, supra, 249 Conn. 155, 170-71. Based upon a review of the report and the transcript, the court finds that the fact finder's conclusions follow legally and logically from the underlying facts and are in accordance with the applicable law.[3] Therefore, the court concludes that "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied, 214 Conn. 804,573 A.2d 318 (1989). Accordingly, pursuant to § 23-58(a)(1), the court enters judgment for the plaintiff for $23,998.20 plus any prejudgment interest that is due.
 C Prejudgment Interest
The plaintiff claims interest on the account balance of $23,998.20, from the billing date, April 10, 1991 to the time of judgment pursuant to General Statutes § 37-3a. Section 37-3a provides, in pertinent part, that "interest at the rate often per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable." "Under § 37-3a, an allowance of prejudgment interest turns on whether the detention of the money is or is not wrongful under the circumstances. . . . Such a fact bound determination lies within the trial court's discretion." (Citations omitted; internal quotation marks omitted.) Spearhead Construction Corp.v. Bianco, 39 Conn. App. 122, 134-35, 665 A.2d 86, cert. denied,235 Conn. 928, 667 A.2d 554 (1995). This "determination is . . .to be made in view of the demands of justice rather than through the application of any arbitrary rule." Id., 136.
"A trial court must make two determinations when awarding compensatory interest under § 37-3a, (1) whether the party against whom interest is sought has wrongfully detained money due the other party; and (2) the date upon which the wrongful detention began in order to determine the time from which interest should be calculated." (Internal quotation marks omitted.) Blakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc.,239 Conn. 708, 735, 687 A.2d 506 (1997). The fact finder's report specifically invited the defendant to respond to the plaintiff's claim for prejudgment interest. However, the defendant has not offered any reason, let alone a persuasive one, why it withheld payment on the outstanding CT Page 14581 balance due to the plaintiff Therefore, the defendant's detention of the money due to the plaintiff was wrongful under the circumstances and that the plaintiff is entitled to prejudgment interest from the date on which the wrongful detention began. Accordingly, the plaintiff is entitled to the interest on the account balance of $23,998.20, from the billing date, April 10, 1991 to the time of judgment pursuant to General Statutes § 37-3a.
Adams, J.