[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action, the plaintiff, Karen Tracy, has sued her insurance company for underinsured motorist benefits available under her policy. The defendant, Allstate Insurance Company, has moved for summary judgment on the ground that Tracy's action is barred by the contractual statute of limitations provided in the insurance policy and that the plaintiff failed to comply with the tolling provisions in General Statutes §38a-336(g)(1).
The standards governing the grant or denial of summary judgment are well recognized.
 [S]ummary judgment shall be rendered forthwith if CT Page 15594 the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.
(Citations omitted; internal quotation marks omitted.) Witt v. St.Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000).
 I FACTS
The following facts are material to the case and not disputed by the parties. On February 20, 1996, Tracy, while driving her own vehicle, was injured in an automobile accident caused by the negligence of another driver (tortfeasor). At the time of the accident, she was insured under a policy issued by Allstate Insurance. Tracy commenced an action against the tortfeasor for damages suffered as a result of the accident. On August 24, 1999, she settled her claim with the tortfeasor for $20,000, thereby exhausting the liability limits of the tortfeasor's insurance policy.
On July 2, 1999, Tracy gave written notice to Allstate that she intended to pursue an underinsured motorist claim. On February 29, 2000, she commenced this action against Allstate seeking benefits for damages in excess of the tortfeasor's policy limits pursuant to the underinsured motorist provisions of her policy. Allstate filed an answer and special defenses in which it asserts, inter alia, that the plaintiff's cause of action against it is barred by the applicable statute of limitations. On July 24, 2000, Allstate filed a motion for summary judgment to that effect which the plaintiff opposes.
 II DISCUSSION
Allstate argues that Tracy's claims are barred by the three year CT Page 15595 limitations period set forth in the underinsured motorist provisions of the policy it issued to her[1] and she failed to comply with the tolling provision in § 38a-336(g)(1).[2] The plaintiff contends that her claim is not barred because the policy's limitations provision is ambiguous, and therefore, the six year period under General Statutes § 52-576 is the applicable limitations period. Specifically, Tracy claims that the policy provision requiring all underinsured motorist claims to be "brought within three years from the date of the accident" conflicts with the provision prohibiting an insured to sue under the coverage "unless there is full compliance with all policy terms." She reasons that because two policy provisions could not be complied with within three years from the accident date, the policy both required and prohibited the filing of the present suit within the three year limitations period and, therefore, it is ambiguous. The court finds the plaintiff's argument unpersuasive.
 Analysis of a claim of ambiguity must proceed from well established rules for contract construction governing the interpretation of insurance contracts. . . .Coverage provisions in an insurance contract are normally to be construed in accordance with the natural and ordinary meaning of the language found therein. . . .There is no presumption that language in insurance contracts is inherently ambiguous. Only if the language manifests some ambiguity do we apply the rule that ambiguous insurance contracts are to be construed in favor of insureds and to provide coverage.
(Citations omitted.) McGlinchey v. Aetna Casualty Surety Co.,224 Conn. 133, 137, 617 A.2d 445 (1992).
The first policy term that the plaintiff alleges creates ambiguity provides that "[i]f the accident arises from the use of an underinsured motor vehicle, we aren't obligated to make any payment under this coverage until the limits of liability for all liability protection in effect and applicable at the time of the accident have been exhausted by payment of judgments or settlements." (Allstate Policy, p. 18.) According to Tracy, this term prohibits an insured from filing suit until after exhaustion of the tortfeasor's liability coverage. Based on this interpretation, Tracy reasons that because in her case exhaustion of the tortfeasor's liability coverage did not occur within three years from the accident date, in complying with this policy term she was unable to bring suit within the three year limitation period as required by the policy. Therefore, the plaintiff concludes that these two provisions are ambiguous. CT Page 15596
The plaintiff's contention that the policy term requiring exhaustion of the tortfeasor's liability coverage prohibits an insured from filing suit until after exhaustion of the tortfeasor's liability coverage is not in accord with Connecticut law. As explained by the Connecticut Supreme Court, the plaintiff, by agreeing to a three year time limitation that ran from the date of the accident, has "agreed to initiate recovery proceedings within that period, subject to a stay of enforcement until tortfeasor liability could be exhausted. By the same token, the insurers essentially committed to defend against a claim that had yet to accrue."Coelho v. ITT Hartford, 251 Conn. 106, 114, 752 A.2d 1063 (1999).
In Coelho, the Connecticut Supreme Court held that although §38a-336(b),[3] which the language of the Allstate policy provision at issue closely tracks, prevented the plaintiffs from recovering benefits prior to exhaustion, nothing prevented the plaintiffs from initiating recovery proceedings within the contractually prescribed period." Id; see also Hotkowski v. Aetna Life Casualty, 224 Conn. 145, 150 n. 6,617 A.2d 451 (1992). Because the policy's exhaustion of tortfeasor's liability coverage provision did not prohibit the filing of the present suit within the three year limitations period, it did not affect Tracy's ability to comply with the policy's statute of limitations provision. Accordingly, the policy is not ambiguous in this respect.
The second policy term that Tracy alleges creates ambiguity provides that "Allstate will not pay any damages an insured person is legally entitled to recover . . . when a settlement has been made without our written consent." (Allstate Policy, p. 21.) The plaintiff argues that because the tortfeasor did not tender its policy limit within three years from the accident date, she could not have obtained Allstate's consent to settle within the policy's statute of limitations period. Therefore, the plaintiff concludes that the policy is ambiguous because it both requires and prohibits the commencement of suit within three years from the accident date.
This argument is without merit for the same reasons outlined above. Contrary to Tracy's contention, the policy term at issue does not prohibit her from bringing suit against Allstate before she has secured Allstate's written consent to settle with the tortfeasor. Although this policy term prevents the insured from recovering benefits when a settlement has been made without the defendant's written consent, it in no way prevents that person from initiating recovery proceedings against the defendant within the contractually prescribed period. Because the policy's consent provision did not prohibit the filing of the present suit within the three year limitations period, it did not affect the plaintiff's ability to comply with the policy's statute of limitations CT Page 15597 provision. Accordingly, the policy is not ambiguous in this respect.
Based on the above discussion, the court finds that the policy's statute of limitations provision is not ambiguous, and therefore, Tracy, as mandated by the policy, was required to bring an underinsured motorist lawsuit against the defendant within three years from the accident date. See Coelho v. ITT Hartford, supra, 251 Conn. 115. Because it is undisputed that Tracy failed to bring suit within three years from the accident date, her suit is barred unless she somehow tolled the three year limitations period.
General Statutes § 38a-336(g)(1), quoted in footnote 2, provides a method by which a claimant for underinsured motorist benefits may toll a contractual limitations period contained in an underinsured motorist insurance policy. This section is designed to give "security to an insured who subscribes to a constricted limitations period, without prejudicing an insurer's ability to respond to a dated claim." Coelho v.ITT Hartford, supra 117. Section 38a-336(g)(1)(A) provides that the claimant may toll the limitations period by giving the insurer written notice of the claim for benefits prior to the expiration of the applicable limitations period, and § 38a-336(g)(1)(B) provides that the claimant may then commence suit or demand arbitration within one hundred eighty days "from the date of exhaustion of the limits of liability under all . . . automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals."
This provision, however, is applicable only to insurance policies which have contractual limitations periods of "less than three years from the date of the accident" and therefore does not apply to the Allstate policy which contains a three year limit. Coehlo v. ITT Hartford, supra 116. Even if that were not the case, Tracy gave Allstate written notice of her intent to pursue a claim for underinsured motorist benefits on July 2, 1999, which was not within three years from the February 20, 1996 accident date. Because the plaintiff failed to comply with the terms of the policy and tolling provision of § 38a-336(g)(1), her action is barred by the three year limitations period provided by the policy.
Accordingly, Allstate's motion for summary judgment is granted.
Adams, J.