[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUN OF DECISION
CT Page 6166 FACTS
On March 31, 1999, the plaintiffs, Frank Calabrese arid Debra Calabrese, filed a one count complaint against the defendant, Finno Development, Inc. The plaintiffs allege that they entered into a contract with the defendant for the sale of property located at 31 Heritage Drive, Prospect, Connecticut, and for the construction of a single family house. The plaintiffs further allege that the defendant breached this contract. Specifically, the plaintiffs allege that the defendant breached the contract in the following ways: (1) the defendant failed to fully complete construction of the house in accordance with the terms of the contract in the manner agreed upon by the parties; (2) the defendant performed the construction work in a defective and unworkmanlike manner; (3) the defendant breached its warranty to provide such materials and perform all work in a good, workmanlike, and substantial manner; and/or (4) the defendant failed to construct the house in compliance with state and local laws and the applicable building codes.
The defendant now moves for summary judgment on the ground that General Statutes § 52-576 bars this action.[1]
 DISCUSSION
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.
The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205. 209, 757 A.2d 1059
(2000).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not CT Page 6167 in dispute.
"Burns v. Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). "A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449, 453, 671 A.2d 1329 (1996)
Both parties agree that the applicable statute of limitations governing the plaintiffs' claim is the six year statute for contract actions set forth in General Statutes § 52-576. They disagree, however, as to whether the plaintiffs have complied with this six year statute of limitations. The defendant contends that in order to comply with the statute, the plaintiffs were required to bring this action within six years from the date of their alleged injuries, which it alleges was February 19, 1993, the date on which construction of the roof was completed. The defendant argues that the plaintiffs have failed to comply with the statute of limitations because they brought the action after the six year period had run.
The plaintiffs, on the other hand, assert that they have complied with the six year statute of limitations by bringing suit within six years from the date on which they received title and control of the property on April 15, 1993. They argue that the statute of limitations begins to run on this date because it is the first time when they could have successfully maintained an action against the defendant. The plaintiffs also argue that because the contract was for the continuing, indivisible responsibility of building a home, and not just for the construction of a roof, the statute should begin to run when the defendant completed the entire home.
Section 52-576(a) provides in relevant part that, "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . ." "Applied to a cause of action, the term to accrue means to arrive; to commence; to come into existence; to become a present enforceable demand. . . . While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action . . ." (Citations omitted; internal quotation marks omitted.) Coelho v. ITTHartford, 251 Conn. 106, 111, 752 A.2d 1063 (1999); see also, Engelman v.Connecticut General Life Insurance Co., 240 Conn. 287, 294 n. 7,690 A.2d 882, (1997), on remand, Superior Court, judicial district of New Haven at New Haven, Docket No. 337028 (August 12, 1997, Barnett, J.) CT Page 6168 (20 Conn.L.Rptr. 331).
In this case, the parties contracted for the sale of the Heritage Drive property and the construction of a single family house on this property on December 6, 1992. (Plaintiffs' exhibit A; defendant's exhibit B). Therefore, the contract could not be completed until construction of the single family house was completed and title to the property was transferred to the plaintiffs. While the installation of the roof was completed on or before February 19, 1993, the certificate of occupancy was issued on April 14, 1993 and the deed conveying the property and house to the plaintiffs was dated April 15, 1993. The plaintiffs brought suit against the defendant on March 31, 1999. In this case plaintiffs could have first maintained an action when the contract was completed, i.e., when the construction on the entire house was completed and the title was transferred to the plaintiffs. Because the property and house were not conveyed to the plaintiffs until April 15, 1993 and the action was commenced in March 1999, the action is not time barred under §52-576.
Beckenstein v. Potter Carrier, Inc., supra, 191 Conn. 150, is distinguishable from this case because there is a difference "between a contract obligation . . . providing for a continuing, indivisible responsibility for the attainment of an end result, and a contract for the performing of a specific, definable act." (Internal quotation marks omitted.) Gaylord Hospital v. Massaro, supra, 5 Conn. App. 468;Skidmore, Owings Merrill v. Connecticut General Life Insurance Co., supra, 25 Conn. Sup. 93. A statute of limitations for a continuing responsibility should not begin to run "during the period in which [the party providing services] remained in control of the work' under the contract." Skidmore, Owings Merrill v. Connecticut General LifeInsurance Co., supra, 25 Conn. Sup. 93-94[2]
Because less than six years elapsed between when the action accrued in April of 1993 and when the plaintiffs filed suit on March 31, 1999, the defendant's motion for summary judgment is denied.
 ___________________ CHASE ROGERS, JUDGE