[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT DONALD OLSEN'S MOTION FOR SUMMARY JUDGMENT
On January 2, 1997, the plaintiffs, Frederick R. Altfeter, Ellen Altfeter and their two children, filed an amended one hundred and six count complaint against the borough of Naugatuck, the water pollution control board and its executive director John Prunicki, and in their individual capacities, John Prunicki, Edwin March, Stella March, Raymond Antonacci, Richard Assenza, and Donald Olson.
The following facts are undisputed. In 1985, Edwin and Stella March sold a piece of property located in Naugatuck, Connecticut, to Hillside Associates, a joint venture owned by the defendants Raymond Antonacci, Richard Assenza, and Donald Olson.
In 1986, the plaintiffs contracted with Hillside Associates to buy the subject property and construct a house.
The plaintiffs allege that in January 1994, December 1995, and January 1996, sewage backed up into the plaintiffs' home and thereafter the plaintiffs instituted this action for the damages they incurred from the January 1996 sewer back-up.
With respect to Donald Olson, the plaintiffs allege in twelve counts[1]
that Olson is liable for breach of contract, violation of Article I, §§ 8 and 11 of the Connecticut Constitution, absolute nuisance, negligent nuisance, recklessness, intentional infliction of emotional distress, fraud, public nuisance, strict liability, negligent misrepresentation, and violation of 42 U.S.C. § 1981 and1983.[2] On December 20, 1999, Olson filed a motion for summary judgment, with a memorandum of law and affidavit evidence, on the grounds that there are no genuine issues of material fact and that, as a matter of law, the statute of limitations period for the plaintiffs' claims expired.
On January 7, 2000, the plaintiffs filed a memorandum in opposition to Olson's motion, but did not submit any affidavits or other evidence to support their opposition. The plaintiffs also requested that the court refer to the plaintiffs' previous memoranda of law dated December 20, 1999 and September 3, 1999 because those filings include the same arguments asserted herein.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., CT Page 6233248 Conn. 195, 201, 727 A.2d 700 (1999).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984). "A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449,451, 671 A.2d 1329 (1996). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.
. . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998).
In his memorandum of law, Olson argues that as a matter of law the statute of limitations expired years before the plaintiffs commenced this action against him. Olson notes that the plaintiffs allege that they bought their newly built home from Hillside Associates on June 1, 1986, and then allege that all of Olson's various acts and omissions that caused them harm occurred in 1986. The plaintiffs did not bring suit until 1996.
In addition, Olson argues that this court previously granted summary judgment for the other individual defendants in this case on the ground that the statute of limitations barred the plaintiffs' actions. In support of his motion, Olson filed an affidavit of his codefendant, Antonacci, and asked that the court take judicial notice of the previously filed motions for summary judgment and the subsequent Appellate Court decision affirming the Superior Court decisions to grant summary judgment in this case.[3]
In opposition to the defendant's motion, the plaintiffs argued during short calendar, held on November 20, 2000, that pursuant to Sherwood v.Danbury Hospital, 252 Conn. 193, 746 A.2d 730 (2000) and Witt v. St.Vincent's Medical Center, 252 Conn. 363, 746 A.2d 753 (2000), the statute CT Page 6234 of limitations was tolled in this action under the continuing course of conduct doctrine. Olson argued that those cases are distinguishable as medical malpractice cases, and that the plaintiffs failed to file an affidavit or other evidence demonstrating that the statute of limitations was tolled.
"[A] statute of limitations may be tolled under the . . . continuing course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date." (Internal quotation marks omitted.)Sherwood v. Danbury Hospital, supra, 252 Conn. 202. "[I]n order [t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of-the period allowed for bringing an action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. Id., 203; Witt v. St. Vincent's Medical Center, supra, 252 Conn. 369-70.
The plaintiffs allege in their amended complaint that the "defendants, Joint Venturers . . . had, and have, a special relationship akin to a fiduciary or trustee to the plaintiffs as foreseeable purchasers of their said realty. . . ." The plaintiffs, however, have failed to submit any evidence supporting their allegation of a special relationship or of later wrongful conduct related to the prior act. "Where we have upheld a finding that a duty continued to exist . . . there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Emphasis added.) Sherwood v. Danbury Hospital, supra,252 Conn. 203. Moreover, "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. (Internal quotation marks omitted; citations omitted.) Maffucci v. Royal Park Ltd.Partnership, supra, 243 Conn. 554.
Because the plaintiffs fail to provide evidence indicating that a continuing course of conduct may have existed with respect to Olson, the court finds that there are no genuine issues of material fact concerning the applicable statute of limitations period.
Another way to toll the statute of limitations is through pleading fraudulent concealment of a cause of action pursuant to General Statutes CT Page 6235 § 52-595 which provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." Although the plaintiffs do not specifically make a claim pursuant to § 52-595, the plaintiffs argue that they have sufficiently alleged a cause of action pursuant to the Restatement of Torts § 353 which provides in relevant part: "If the vendor actively conceals the condition, the liability . . . continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it."[4]
"To establish that the defendants had fraudulently concealed the existence of their cause of action and so had tolled the statute of limitations, the plaintiffs had the burden of proving that the defendants were aware of the facts necessary to establish this cause of action. . . . and that they had intentionally concealed those facts from the plaintiffs. . . . The defendants' actions must have been directed to the very point of obtaining the delay [in filing the action] of which [they] afterward [seek] to take advantage by pleading the statute. . . . To meet this burden, it was not sufficient for the plaintiffs to prove merely that it was more likely than not that the defendants had concealed the cause of action. Instead, the plaintiffs had to prove fraudulent concealment by the more exacting standard of clear, precise, and unequivocal evidence." (Citations omitted; internal quotation marks omitted.) Bound Brook Association v. Norwalk, 198 Conn. 660, 665,504 A.2d 1047 (1986).
In this case, the plaintiffs failed to submit any affidavits or other evidence to support a claim of fraudulent concealment. The court finds, therefore, that there are no genuine issues of material fact concerning the applicable statute of limitations in this case. See Maffucci v. RoyalPark Ltd. Partnership, supra, 243 Conn. 554.
The plaintiffs also argue that the statute of limitations was tolled for two of the plaintiffs, Sarah and Frederick Altfeter, because they were minors at the time of the alleged negligence and that pursuant to General Statutes § 52-576 (b) the statute of limitations is tolled until minors reach maturity. Section 52-576 (b) provides: "[A]ny person legally incapable of bringing any such action at the accruing of the right of action may sue at any time within three years after becoming legally capable of bringing this action."
The court finds, however, that the plaintiffs have failed to submit affidavits or other evidence establishing that the two plaintiffs, Sarah and Frederick Altfeter, were minors at the time of the alleged CT Page 6236 negligence. Thus, the plaintiffs have not established that there is a genuine issue of material fact concerning the normal application of the statute of limitations in this case. See Maffucci v. Royal Park Ltd.Partnership, supra, 243 Conn. 554.
Because the statute of limitations was not tolled in this case, the issue now before the court is whether the plaintiffs initiated this action against Olson within the applicable statute of limitations period. Olson submitted affidavit evidence stating that the plaintiffs bought their home from him and his associates on June 1, 1986 and that the plaintiffs did not have problems with their sewer until 1994, which was eight years after he and his associates transferred title to the plaintiffs. (Antonacci Aff. ¶¶ 4-8.) Olson argues that because the plaintiffs did not file suit until 1996, as a matter of law, the statute of limitations had already expired on all their claims in this case.
With respect to the plaintiffs' breach of contract action, General Statutes § 52-576 provides that "[n]o [contract] action shall be brought but within six years after the right of action accrues." "Applied to a cause of action, the term to accrue means to arrive; to commence; to come into existence; to become a present enforceable demand. . . . While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." (Internal citations omitted; internal quotation marks omitted.) Coelho v. ITT Hartford,251 Conn. 106, 111, 752 A.2d 1063 (1999).
Here, the plaintiffs allege that Olson and his associates breached their contract when they sold the plaintiffs a house with a defective sewer system. The court finds that the plaintiffs' cause of action accrued when the sale of the house was final, which was on June 1, 1986. The plaintiffs did not initiate this action until 1996. Because the plaintiffs failed to bring this action for breach of contract within the applicable six year statute of limitations period, and the plaintiffs failed to submit any evidence indicating that the statute of limitations was tolled, the court finds that there are no genuine issues of material fact and, as a matter of law, the plaintiffs' breach of contract claim, count one, is barred by the statute of limitations.
With respect to the counts of absolute nuisance, negligent nuisance, recklessness, intentional infliction of emotional distress, fraud, public nuisance, strict liability, negligent misrepresentation, General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained CT Page 6237 of." Section 52-577 "is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." (Internal quotation marks omitted.) Collum v. Chapin, supra, 40 Conn. App. 451; see alsoS.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King. P.C., 32 Conn. App. 786, 790, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). In addition, General Statutes §52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct. . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of." Pursuant to the foregoing statutes, the maximum time period that the plaintiffs had to initiate their tort actions against Olson was three years.
In this case, the plaintiffs allege that Olson's tortious conduct occurred when the plaintiffs bought their property from Olson in 1986. As discussed supra, the plaintiffs did not initiate this action until 1996. It should be noted that neither party discusses in their memoranda of law the plaintiffs' actions against Olson for violation of Article I, §§ 8
and 11 of the Connecticut Constitution and violation of 42 U.S.C. § 1981
and 1983. Nevertheless, it is submitted that because these constitutional guarantees serve as protection from state action and not from acts of private individuals, that these actions cannot be asserted against Olson. "A constitutional violation may result when a constitutional right has been impermissibly burdened or impaired by virtue of state action that unnecessarily chills or penalizes the free exercise of the right." (Internal quotation marks omitted.) State v.Heredia, 253 Conn. 543,551, 754 A.2d 114 (2000). "[T]he declaration of rights in our state constitution was implemented not to impose affirmative obligations on the government, but rather to secure individual liberties against direct infringement through state action."Moore v. Ganim, 233 Conn. 557, 595, 660 A.2d 742 (1995).
Because the plaintiffs failed to bring the aforementioned tort actions within the three year statute of limitations period, and the plaintiffs failed to submit evidence indicating that the statute of limitations was tolled, there are no genuine issues of material fact and, as a matter of law, the plaintiffs' tort claims, counts five, six, seven, eight, nine, ten, eleven, twelve, and thirteen, are barred by the statute of limitations.
For the foregoing reasons, the motion by the defendant Donald Olson is hereby granted. CT Page 6238
By the Court,
 ________________________ JOSEPH W. DOHERTY, JUDGE