[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING
1. As to stay of proceedings (#107; #104):
 It is clear that a UM action may be instituted prior to payment or exhaustion by the alleged tortfeasor. Serrano v. Allstate Ins. Co., 223 Conn. 437, 455 (1995), and cases cited therein. It is also clear, however, that the UM action does not accrue until exhaustion of the tortfeasor's policy and that exhaustion is a necessary precondition to the recovery of underinsured motorist benefits. Serrano, supra, 452; Coelho v. ITT Hartford, 251 Conn. 106, 112
(1999). In reconciling the principles, it has been stated that insurers may be committed to defend against claims which have not yet accrued; Coelho, supra 114; but a UM case may not go to judgment prior to exhaustion. Section 38a-336
(2)(b) of the General Statutes, see Continental Ins. Co. v. Cebe-Hebersley, 214 Conn. 209 (1990).
In recognition of the statement in Coelho that an insurer may be required to defend against a claim which has not yet accrued, and to promote efficiency, the motion to stay is denied at this time, without prejudice to the ability of the defendant to request a stay or severance as trial approaches.
Beach, J. CT Page 2644